### MEYER vs. KINZER ET UX.

*Twelfth District Court for San Francisco Co., Oct. 1857.*

#### COMMON PROPERTY.

Where a note and mortgage are executed to a husband and wife, to secure the purchase money of land sold by them which was common property, it raises no presumption that he intended the moiety of the note and mortgage as a gift or advancement to her, but the note and mortgage are common property.

The case is submitted upon a stipulated statement of facts, which are substantially as follows: G. W. Kinzer on the 6th of December, 1857, being then married to his co-defendant, bought in his own name, the property now owned and held by plaintiff. On October 1st 1853, Kinzer and wife joined in a deed conveying the property to one J. H. Gager, who, on the same day, executed a mortgage to them to secure

them in the payment of a promissory note then given by him for that portion of the purchase money. Kinzer assigned and delivered this note and mortgage to one A. H. Lemmen, and while in whose hands, on September 25, 1855, Gager paid it, and thereupon received from Lemmen the said note and the mortgage deed, duly canceled and released. On the 16th of July 1856, plaintiff bought this property from Gager, and free apparently from this mortgage.

*Rose & Johnson,* for plaintiff.

*J. B. Hart,* for defendant.

On the above facts plaintiff's counsel contended, That under the act of April 17, 1850, defining the rights of husband and wife, ( *Comp. L.* [*] 812 §2,) the property as bought by Kinzer in December 1857, was common property. That it can only be conjectured that the wife joined in the deed to Gager, because the purchaser *ex abundante cautela,* required it. That the conveyance to, and mortgage by him, are in law considered as one act. (Guy vs. Carriere, 5 *Cal.* 511.) It was as though the deed of conveyance had contained a reservation of a lien for the unpaid portion of the price, in conformity with the practice in some of the States. That the mortgage was the common property of the Kinzers, husband and wife, and as such, subject to the control of the husband. A very similar case was decided in *Texas* under nearly identical provisions of that state; (Parker vs. Chance, 11 *Texas* 513, also Yates vs. Houston 3 *ib.* 433, Burns vs. Wideman, 6 *ib.* 232.) For the law defining marital rights in Texas see *Hartley's Dig.* 134-8; (see also 2 *Bright Husband and wife,* 678, *Laws passed by the 2nd leg. of Texas vol. 2 part 1 pp.* 77,79.) Such also, has been the interpretation of our own law. (Joyce vs. Joyce 5, *Cal.* 161.) *Louisiana, Texas* and *California* have taken this law of the *community of property* from the Spanish law, and the two latter have conformed thereto, as interpreted in the former and by the Spanish commentators (Smalley vs. Lawrence 1 *Rob. Louis,* 214, *ib* 367, 17 *ib.* 303, *Febrero Mejicano, Lib.* 1, *Tit.* 2, *Cap.* 10 §§1 & 6.) The title being in the wife's name, does not raise even a presumption in her favor (McIntyre vs. Chappell, 4 *Texas,* 127, Love *et ux.* vs. Robinson, 7 *ib.,* Huston vs. Carl, 8 *ib* 240, Scott vs. Maynard *et ux, Dallam* 548.)

[*]Wood's Cal. Dig. 487§2606.

It will be contended that the case is governed by the common law, and that the facts recited in the stipulation, raise the presumption of a gift by the husband to the wife ; so it was contended in the cases cited from 11 *Texas* 512, and 5 *Cal.* 161 and, also Thomas vs. Chance 11 *Texas* 634.

But if the consent of the husband to the mortgage being taken in their joint names, sufficiently indicated his intention that the moiety thereof should be deemed a gift or advancement to her, then by the common law, it would only have been good against his heirs at law, in case she should have survived him, (1 *Bright's Husband and wife* 32, no 15, Christ Hospital vs. Budgin, 2 *Vesey.* 683, Flesk vs. Cushman 6 *Cushing* 20, Amos vs. Chew, 5 *Metcalf* 320.) But on the supposition of the gift to the wife of the chattel interest involved in this case, she should have taken, and have kept possession of it, or of the evidence of it. ( *Comp. L.* 201 §15.)*

J. B. Hart, *contra.*

At common law where a man makes a purchase, and conveys to a member of his own family, the presumption is, that it is intended as a gift or advancement to such member (2 *Maddock. Ch.* 112.) If the purchase is made in the name of the son, it is considered an advancement, unless a different intention is established by proof. (Elvan vs. Duncan, 2. *Ch. Cases* 26. Boyd vs. Reed 1 *P. M. W.*) The presumption is stronger if the purchase is made in the name of the wife, or in the name of himself, his wife and his daughters (2 *Fonbl. Eq. B. Ch.* 5 & 3, Back vs. Andrew, 2 *Vern*, 120, Cook vs. Hutchinson, 1 *Keen*, 425, 2 *Story Eq. Jur.* 1205, Dyer vs. Dyer, 2 *Cox* 92.)— The mortgage being executed by Gager to the husband and wife, the presumption is that half of it is her separate property. The execution and delivery of the mortgage vested in the wife her moiety of it, and placed that part of it beyond the reach and control of her husband. Section 2, of the act defining marital rights ( *Comp. L.* 812) does not prevent a wife accepting a gift from her husband. The character of the act and the presumption of law apply at the time of the mortgage, and no subsequent act of the husband can change the wife's rights ; they are vested and beyond his control when the pro-

---

*Wood's Cal. Dig. 107§403.

perty is placed in her name (Cond vs. Lancaster Bank, 3 *Ohio* 9, and authorities then cited.)

NORTON, J.—In this case the complaint is filed to obtain a decree to quiet title. There is a slight inaccuracy or informality in it where the plaintiff avers his *possession* of the property in controversy. The allegation is, that he is the owner and *occupier* thereof, and not that he is in *possession*. As this however appears to have been purely accidental, the averment is sufficient upon this point. It seems Kinzer's wife joined in the deed conveying the property to the grantors of plaintiff, though for what reason the joinder was made, it may be a little difficult to conjecture, for the property being then held in common by her husband and self, it was subject to his right of disposition. A mortgage was given by the purchaser to the vendors at the time of the sale, which was subsequently assigned by Kinzer, and which in the hands of the assignee was paid by the mortgagor, who subsequently conveyed the property to plaintiff. Mrs. Kinzer in her answer now claims a moiety of the amount to secure which the mortgage was given, contending that by the common law, the presumption arising from the fact of the mortgage having been given jointly to her and her husband, is, that he intended it as a gift or advancement to her. There is no such inference to be drawn. The principles of the common law in reference to the property of husband and wife, do not apply to the rights of this relation, as it exists under our statute. The note and mortgage given by Gager upon the sale by Kinzer, were common property, and as such subject to the husband's disposition. The possessions of the husband and wife, when they have once acquired this character of common property, retain it until it shall have been expressly divested by some act, unequivocally evincing an intention that this shall be its effect. The property must be conveyed directly to the wife, to her separate use and benefit. By the common law, the husband would, in this case, having reduced the chattel interest to possession, be entitled to sell it or to dispose of it otherwise, according to his discretion. At all events in the present instance, the note and mortgage being common property at the time of the assignment by Kinzer, he could do what he pleased with them, and when he did assign them he conveyed the interest of his wife as well as of himself, and she therefore can no longer claim any estate in the premises.

Let decree be entered as prayed for in the complaint.